# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

BRANDON M. ASKEW                                                                                         PLAINTIFF
ADC #128557

V.                                      NO: 5:07CV00251 WRW/HDY

RAY HOBBS *et al.*                                                                                     DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge William R. Wilson, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.
2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

> 3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff, an inmate at the Varner Unit of the Arkansas Department of Correction ("ADC"), filed a *pro se* complaint, pursuant to 42 U.S.C. § 1983, on September 27, 2007. Plaintiff also made a timely demand for a jury trial; however, before incurring the expense of money and manpower inherent in such a trial, the Court held a pre-jury evidentiary hearing on September 29, 2008, to determine whether the case should proceed to a jury trial. Pursuant to the standard set forth in *Johnson v. Bi-State Justice Center*, 12 F.3d 133 (8th Cir. 1993), the Court has considered Plaintiff's testimony during the hearing to be true, drawn all appropriate inferences in Plaintiff's favor, and refrained from making any credibility determinations. *Id*. at 135-6. Viewing the evidence presented during the hearing in this light, the Court must now decide "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. *Id., quoting Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-252 (1986). Considering the evidence introduced at the evidentiary hearing in the manner set forth

above, the undersigned makes the following findings:

1. Although Plaintiff is now housed at the Varner Unit, the events giving rise to this claim occurred while Plaintiff was housed at the Cummins Unit.

2. There are two groups of Defendants. The "medical Defendants," are nurses Cheryl Hornbeck and, Janice Coats, and physician James Blackmon. The "ADC Defendants are ADC Chief Deputy Director Ray Hobbs, ADC Deputy Director Larry May, Lt. Bruce Green, Capt. Ray DeWease, Warden Gaylon Lay, and Lt. Johnny Wilson.

3. On March 27, 2007, Plaintiff was working on the Cummins hoe squad. Plaintiff, who has asthma, requested a break, which was granted, by the supervising officer. While Plaintiff was taking the break, Green returned to the area, and ordered Plaintiff to return to work. Plaintiff refused, and Green approached him and told him to "catch the cuffs." Plaintiff refused, and asked to speak to Green's supervisor. Green again told Plaintiff to catch the cuffs, but Plaintiff began discussing the order with Green. At that point, Green sprayed Plaintiff with chemical spray, and Plaintiff swung at Green, and, according to a grievance form that he completed, Plaintiff "assaulted [Green] with [a] closed fist." (Defendants' exhibit #1). A struggle ensued, in which Plaintiff was struck by Green, who still had the handcuffs in his hand. Plaintiff was eventually subdued, and taken to the infirmary, where he lost consciousness momentarily, apparently as a result of respiratory difficulties brought on by the chemical spray, but was treated, and recovered.

4. According to Plaintiff's testimony, neither Coats nor Hornbeck was working in the infirmary when he was brought in after the incident. Blackmon did evaluate Plaintiff, and determined he could return to the barracks, after his breathing was stabilized.

5. Although Plaintiff suggests Coats and Hornbeck are liable for allowing him to be medically classified as capable of performing field work, there is no medical evidence that his

classification was improper.  Likewise, Plaintiff has offered no medical evidence to suggest that Blackmon's assessment that he could return to his barracks after the incident with Green was improper.  Finally, Plaintiff has identified no injury that he sustained that resulted from his medical classification, or Blackmon's treatment, or housing decision, after the incident.  Accordingly, Plaintiff's claims against all the medical Defendants should be dismissed.

6.      Plaintiff's claim against Green is essentially that he used excessive force against him in the course of the incident, and suggests that ADC guidelines were not followed in the application of the force.  Plaintiff charges that the other ADC Defendants were somehow responsible for Green's alleged misconduct.  However, Plaintiff has admitted that he disobeyed two orders and threw a punch at Green, and the injuries he has described are minor.  To establish a claim for the excessive use of force, Plaintiff must demonstrate that the force was used maliciously and sadistically to cause harm, rather than in a good faith effort to maintain or restore discipline.  *See Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992).  Relevant factors include the need for force, the relationship between the need and the amount of force used, and the extent of injury inflicted.  *See Whitley v. Albers*, 475 U.S. 312, 321 (1986).  As Plaintiff has described the incident, the Court does not believe that any fact finder could find that the force was excessive.  Plaintiff admittedly disobeyed two orders to submit to restraints, and, after he was sprayed, he punched Green, leading to an escalating physical confrontation.[1]  Although Plaintiff undoubtedly suffered some bruising and soreness as a result of the altercation, he described no significant injuries, and he was taken to the infirmary for evaluation and treatment after the incident.  Thus, the Court concludes that there is insufficient evidence to allow a jury to conclude that the force was used for any malicious or sadistic purpose.  Rather, the

---

[1]There is some dispute as to whether Plaintiff swung at Green before or after the spray was administered, but, for purposes of this hearing, the Court accepts Plaintiff's position that the punch was thrown after Plaintiff was sprayed.

evidence would only permit a finding that the force used was applied to maintain discipline, and the amount was reasonable under the circumstances.

7.  Plaintiff offered as exhibits a number of ADC policies, which Plaintiff suggests Green violated when he used the chemical spray. It is clear that the intent of the policy regarding the use of chemical agents is to limit their use, and ensure they are not being used in a malicious manner. Plaintiff had disobeyed an order to return to work. Additionally, in his complaint, Plaintiff asserts that Green's "hand was knocked away," when Green reached for Plaintiff to handcuff him. Administrative Regulation 410, submitted as Plaintiff's exhibit #5, provides, among other things, that non-lethal force such as a chemical agent may be employed when an inmate refuses to relocate, or if he threatens bodily harm to another individual. Plaintiff's refusal to relocate to his work assignment and his knocking away of Green's hand certainly provide justification for the use of the chemical spray. Although Green may not have complied with every aspect of the regulation, such as warning Plaintiff that he was preparing to administer the spray, such a failure is, at most, a violation of ADC policy, which alone is not actionable. *See Gardner v. Howard*, 109 F. 3d 427, 430 (8th Cir. 1997)(no § 1983 liability for violation of prison policy). Accordingly, Plaintiff's claims against Green, and the other ADC Defendants, should be dismissed.

8.  In light of this recommendation, the pending motions for summary judgment filed by Hornbeck, Coats, and Blackmon (docket entries #70 & #73), should be denied as moot.

## **CONCLUSION**

IT IS THEREFORE RECOMMENDED THAT:

1.  Plaintiff's complaint be DISMISSED WITH PREJUDICE for failure to introduce sufficient evidence to create a fact issue to be submitted to a jury.

2.  All pending motions be DENIED AS MOOT.

3.       The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action be considered frivolous and not in good faith.

DATED this   2   day of October, 2008.

_____
UNITED STATES MAGISTRATE JUDGE